UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS' STATEWIDE PENSION FUND AND TRUSTEES THEREOF,<br><br>Plaintiffs,<br><br>v.<br><br>BELMONT CONTRACTING CORP.,<br><br>Defendant. | Civil Action No. 13-507 (ES)<br><br>MEMORANDUM OPINION & ORDER |

**SALAS, DISTRICT JUDGE**

This action comes before the Court on the motion of plaintiffs New Jersey Building Laborers' Statewide Pension Fund and Trustees Thereof ("Plaintiffs") for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), and the Court, having considered Plaintiffs' submissions, and it appearing that:

1. On January 25, 2013, Plaintiffs commenced the instant action, asserting the following single count against defendant Belmont Contracting Corp. ("Defendant"): unpaid withdrawal liability under the Employment Retirement Income Security Act of 1974 ("ERISA"). (D.E. No. 1, ("Compl.") ¶¶ 19-26; D.E. No. 7 at 5).

2. On February 7, 2013, Defendant was served with a copy of the summons and complaint. (D.E. No. 5).

3. The time for answering the complaint has expired, and Defendant has neither been granted an extension of time within which to answer, nor interposed an answer nor otherwise responded to the complaint.

4. On April 19, 2013, Plaintiffs sent the Clerk of the Court a letter requesting that default be entered against Defendant. (D.E. No. 6).

5. On April 22, 2013, the Clerk of the Court entered default as to this Defendant. (*See* D.E. dated April 22, 2013).

6. On May 6, 2013, Plaintiffs filed a motion seeking default judgment on the basis of the aforementioned single count of relief. (D.E. No. 7 at 5).

7. On May 6, 2013, Plaintiffs also provided Defendant with notice of their motion for default judgment. (D.E. No. 7 at 17).

8. Plaintiffs, however, have failed to file a brief or a statement that no brief is necessary in violation of Local Civil Rule 7.1. *See Developers Sur. & Indemnity, Co., v. NDK Gen. Contractors, Inc.*, No. 06-0086, 2007 WL 542381, at *2 (D.N.J. Feb. 15, 2007) ("Because Plaintiff's application [for default judgment] does not meet the requirements of Local Civil Rule 7.1(d)(1), the Court will not hear Plaintiff's application.").

9. Plaintiffs further requested that the Court "schedule a Proof Hearing for purposes of determining the amount of damages owed to Plaintiffs by Defendant." (D.E. No. 7 at 5).

Accordingly, IT IS on this 19th day of December 2013,

**ORDERED** that Plaintiffs' motion for default judgment is DENIED *without* prejudice; and it is further

**ORDERED** that, to the extent that Plaintiffs choose to re-file their motion for default judgment, Plaintiffs must do so pursuant to Local Civil Rule 7.1; and it is further

**ORDERED** that, to the extent that Plaintiffs choose to re-file their motion for default judgment, Plaintiffs must set forth why default judgment is proper under the following three-part test: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default," *Malik v. Hannah*, 661 F. Supp. 2d 485, 490 (D.N.J. 2009) (quotations and citations omitted); and it is further

**ORDERED** that, to the extent that Plaintiffs choose to re-file their motion for default judgment, Plaintiffs must also set forth the requisite basis for calculating damages and provide any supporting materials, *see Malik*, 661 F. Supp. 2d at 493 ("In determining the amount [of damages], the district court may conduct a hearing. The court is not required to do so, however, as long as it ensures that there is a basis for the damages specified in the default judgment.") (quotations, citations, and textual modifications omitted).

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
