NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NEW JERSEY BUILDING LABORERS' STATEWIDE PENSION FUND AND TRUSTEES THEREOF, | |
| Plaintiffs, | Civil Action No. 13-507 (ES) |
| v. | MEMORANDUM OPINION & ORDER |
| BELMONT CONTRACTING CORP., | |
| Defendant. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court on the motion of plaintiffs New Jersey Building Laborers' Statewide Pension Fund and Trustees Thereof ("Plaintiffs") for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2), (D.E. No. 9), and the Court, having considered Plaintiffs' submissions, and it appearing that:

1. On January 25, 2013, Plaintiffs commenced the instant action, asserting the following single count against defendant Belmont Contracting Corp. ("Defendant"): unpaid withdrawal liability under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1381(a). (D.E. No. 1 ¶¶ 19-26).

2. On February 7, 2013, Defendant was served with a copy of the summons and complaint. (D.E. No. 5).

3. The time for answering the complaint has expired, and Defendant has neither been granted an extension of time within which to answer, nor interposed an answer nor otherwise responded to the complaint.

4.  On April 19, 2013, Plaintiffs sent the Clerk of the Court a letter requesting that default be entered against Defendant. (D.E. No. 6).

5.  On April 22, 2013, the Clerk of the Court entered default as to Defendant. (*See* D.E. dated April 22, 2013).

6.  On May 6, 2013, Plaintiffs filed a motion seeking default judgment on the basis of the aforementioned single count of relief. (D.E. No. 7 at 5).

7.  On May 6, 2013, Plaintiffs also provided Defendant with notice of their motion for default judgment. (D.E. No. 7 at 17).

8.  On December 19, 2013, this Court denied without prejudice Plaintiffs' default judgment motion for failing to comply with Local Civil Rule 7.1 and ordered, *inter alia*, Plaintiffs to re-file their motion—should they continue to seek relief—in compliance with this District's Local Civil Rules, setting forth the legal basis for their motion and a basis for calculating damages. (*See* D.E. No. 8).

9.  On January 9, 2014, Plaintiffs filed the instant (second) default judgment motion on the basis of the aforementioned single count of relief that was served on Defendant. (*See* D.E. No. 9-1 & 9-7).

10. "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint . . . will be taken as true.'" *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

11. "Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of*

*Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (citations omitted).

12. First, the Court finds that there has been sufficient proof of service because, on February 7, 2013, Defendant was served with a copy of the summons and complaint. (D.E. No. 5).

13. Second, the Court finds that there has been a sufficient cause of action stated. Plaintiffs allege that, pursuant to a collective bargaining agreement with New Jersey Building Laborers District Council (the "Union"), Defendant was required to remit certain contributions to Plaintiff, a pension fund, on behalf of employed union members. (D.E. No. 1 ¶¶ 2, 7, 9, 10). On or about, Defendant "withdrew its recognition of the Union as its employees' bargaining representative." (*Id.* ¶ 11). Plaintiffs allege that, "[b]y virtue of the withdrawal of recognition of the Union, and continuation of it performing work covered by the [collective bargaining agreement] without contributing to the Pension Fund," that Defendant effected a withdrawal from the pension fund under ERISA. (*Id.* ¶ 12). Thereafter, Plaintiffs allege that they "prepared a payment schedule for the withdrawal liability and demand of payment in accordance with the payment schedule," but that Defendant failed to provide a first installment. (*Id.* ¶¶ 14, 15). Plaintiffs further allege that they provided Defendant with a notice of default, but that Defendant "failure to cure the default," allowing Plaintiffs to "accelerate payment of the withdrawal liability." (*Id.* ¶ 16). Plaintiffs allege that Defendant has failed to demand arbitration and "continues to fail and refuse [] to pay the withdrawal liability." (*Id.* ¶¶ 17, 18).

The Court accordingly finds that Plaintiffs have sufficiently alleged a cause of action under 29 U.S.C. § 1381(a).

14. Third, to determine whether granting default judgment is proper, the Court "must make factual findings as to (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008). Here, the Court finds that granting default judgment is proper. First, absent any responsive pleadings from Defendant, meritorious defenses do not appear to be available. Second, the Court finds that Plaintiffs "will suffer prejudice if the Court does not enter default judgment as Plaintiff[s] [have] no other means of seeking damages for the harm caused by Defendant." *See Gowan v. Cont'l Airlines, Inc.*, No. 10-1858, 2012 WL 2838924, at *2 (D.N.J. July 9, 2012). Finally, Defendant is culpable because it has been served with notice of this action, but has failed to properly participate.

15. Finally, the Court must award Plaintiffs the unpaid contributions, as well as certain costs and fees incurred in attempting to collect the delinquent contributions under 29 U.S.C. § 1145. *See* 29 U.S.C. § 1132(g)(2). To be sure, a failure to make a withdrawal liability payment is treated as a delinquent contribution under Section 1145. *See* 29 U.S.C. § 1451(b). Thus, under Section 1132(g)(2), Plaintiffs are entitled to the unpaid contributions, interest on the unpaid contributions, reasonable attorney's fees and costs of the action, and the greater of either interest on the unpaid contributions or liquidated damages up to 20% of the unpaid contributions.

Accordingly, IT IS on this 25th day of July 2014,

**ORDERED** that Plaintiffs' motion for default judgment, (D.E. No. 9), is GRANTED; and it is further

**ORDERED** that judgment is hereby entered against defendant Belmont Contracting Corp. in favor of plaintiffs New Jersey Building Laborers' Statewide Pension Fund and Trustees in the total amount of $678,343.20 plus interest based on the following:

1. $565,286.00 for withdrawal liability, (*see* D.E. No. 9-5, Affidavit of Aldwin Frias ¶ 4);

2. $113,057.20 for liquidated damages, (*see* D.E. No. 9-3, Affidavit of Mary Castovinci ¶ 11); and

3. Interest on the aforementioned withdrawal liability amount at the rate of 18% per year, calculated from the due date of the first contribution payment until the date of this Order, (*see* D.E. No. 9-3, Affidavit of Mary Castovinci ¶ 11); and it is further

**ORDERED** that Plaintiffs' application for attorney's fees and costs is hereby DENIED without prejudice for failure to provide a signature on the relevant affidavit, (*see* D.E. No. 9-6, Affidavit of Seth Ptasiewicz at 3); and it is further

**ORDERED** that the Clerk of the Court shall CLOSE this matter.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**